David Azizi, Esq. (SBN 198803)
david@azizilawfirm.com
Jason Smith, Esq. (SBN 312266)
jason@azizilawfirm.com
Michael Elterman, Esq. (SBN 354840)
melterman@azizilawfirm.com
LAW OFFICES OF DAVID AZIZI
4041 Wilshire Blvd., Suite 200
Los Angeles, California 90010
TEL: (310) 284-9600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GOMEZ, | CASE NO.: 2:24-cv-07185-JLS-AGR |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| KOHL'S INC. DBA KOHL'S; JASON DOE, AN INDIVIDUAL; AND DOES 1-50 INCLUSIVE, | |
| Defendants. | |

**1. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information, including medical records protected under HIPAA and California privacy law, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. The parties stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

treatment under the applicable legal principles.

**A. GOOD CAUSE STATEMENT**

This action will involve production of Plaintiff's medical records. These records contain private, sensitive health information, including potentially mental health records, substance abuse treatment records, HIV/AIDS status, and other medical history that may be protected by California Evidence Code §§ 1010–1014 and HIPAA regulations. Unrestricted disclosure could cause irreparable harm, embarrassment, and an invasion of privacy. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Good cause therefore exists for entry of this Stipulated Protective Order to ensure such materials are used solely in this litigation and safeguarded appropriately.

This Protective Order is intended to qualify as a "qualified protective order" under HIPAA (45 C.F.R. § 164.512(e)(1)(v)), meaning:

- Confidential medical records may only be used for this litigation.

- At the conclusion of the litigation, all medical records must be returned or destroyed.

## 2. DEFINITIONS

- Action: Eduardo Gomez v. Kohl's, Inc. (Case No: 2:24-cv-07185-JLS-AGR)

- Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

- "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

- Counsel: Outside Counsel of Record.

- Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

- Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

- Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

- Non-Party: any natural person, partnership, corporation, association,

or other legal entity not named as a Party to this action.

- Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

- Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

- Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

- Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

- Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

- Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

- Medical Records: any documents, communications, or data reflecting medical diagnosis, treatment, mental health, or related health information subject to HIPAA or California privacy protections.

- Sensitive Medical Information: subsets of medical records relating to mental health treatment, substance abuse, HIV/AIDS, reproductive health, or other highly private categories subject to

heightened protection under law.

## 3. SCOPE

The protections in this Stipulated Protective Order cover:

1. All Protected Material as defined previously, including copies, excerpts, summaries, and testimony referencing such information.
2. All Medical Records and Sensitive Medical Information produced in this matter, including copies, excerpts, summaries, and testimony referencing such information.
3. Disclosure of medical records is limited to those relevant to the injuries, conditions, or damages alleged in this action.

The Stipulated Protective Order shall apply to the use of Protected Material up until the time of trial. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

## 4. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**4.1** <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**4.2** <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**4.3** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality

designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 5. DISCLOSURE RESTRICTIONS

Protected Material designated as "CONFIDENTIAL," including medical records, may only be disclosed to:

- The Court and its personnel;
- Counsel of record and their staff;
- The parties, only as reasonably necessary for case preparation;
- Experts and consultants, provided that:

    a. Each expert/consultant signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

- Court reporters and their staff;

- Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

- The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

- During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the deposing party requests that the witness sign the form attached as Exhibit A hereto; and

- Mediators/settlement officers.

## 6. MISCELLANEOUS

<u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

<u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

## 7. FINAL DISPOSITION

All medical records and Sensitive Medical Information shall be returned or destroyed within sixty (60) days of final disposition without requiring a written request. Each party must certify compliance in writing. Counsel may retain archival pleadings and exhibits as permitted, but may not retain copies of medical records themselves.

## 8. ENFORCEMENT

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

Dated: October 3, 2025

*David Azizi*
Attorneys for Plaintiff

Dated: October 3, 2025

Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: October 6, 2025

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER REGARDING MEDICAL RECORDS

I, _____ [print full name]

_____ [telephone number]

_____[print full address]

declare under penalty of perjury that:

1. I have read in its entirety and understand the Stipulated Protective Order Regarding Medical Records and Other Confidential Information (the "Protective Order") entered into in the case of:

[Case Caption and Number]**

2. I agree to comply with and be bound by all terms of the Protective Order. I understand and acknowledge that failure to comply could expose me to sanctions, contempt proceedings, and other penalties.

3. I will not disclose in any manner any Protected Material, including medical records or sensitive medical information, except in strict compliance with the Protective Order.

4. I will use Protected Material solely for purposes of this litigation and not for any personal, business, or other purpose.

5. I understand that Protected Material, including medical records, must be maintained in a secure manner to prevent unauthorized access.

6. At the conclusion of the litigation, I will return or destroy all Protected Material, including medical records, in my possession as required by the Protective Order.

7. I agree to submit to the jurisdiction of the United States District Court for the _____ District of California for the purpose of enforcing the terms of the Protective Order, even if enforcement occurs after termination of the action.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____

PROOF OF SERVICE
F.R.C.P Rule 5(b)(2)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 4041 Wilshire Blvd., Suite 200, Los Angeles, California 90010.

On October 3, 2025, I served the foregoing document described as, **STIPULATED PROTECTIVE ORDER,** on all interested parties in this action by transmitting an electronic copy as follows:

SEE ATTACHED SERVICE LIST

(X)  BY ELECTRONIC SERVICE: Pursuant to Federal Rules of Civil Procedure 5(b)(2)(E) and the agreement of the parties, I caused a copy of the document(s) to be sent from email address hernandez@azizilawfirm.com to the persons at those e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( )  BY CM/ECF: I electronically filed the foregoing through the CM/ECF system. All participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

(X)  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on October 3, 2025, at Los Angeles, California.



Declarant – Armani Rodriguez

## SERVICE/MAILING LIST

**<u>Eduardo Gomez v. Kohl's Inc. Dba Kohl's, et al.</u>**
Case No: 2:24-cv-07185-JLS-AGR

Ara M. Baghdassarian
BAGHDASSARIAN LAW GROUP
16130 Ventura Blvd., Suite 550
Encino, CA 91436
Attorneys for Defendant, Kohl's Inc.
Ara@baglawpc.com